**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

DONALD L. FRANCIS,

              Plaintiff,

-v-

MICHAEL J. ASTRUE,[1] COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

DECISION and ORDER
01-CV-6604-CJS

---

  Before the Court is plaintiff's amended motion (# 14) seeking an Order awarding attorney's fees. More specifically, plaintiff's counsel asks for an award of $25,690.30 pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), and the contingent fee agreement between counsel and plaintiff. Such an award would represent twenty-five percent of plaintiff's past due benefits minus the amount of $5,038.75, which counsel is subtracting from the request as a result of the lack of an Equal Access to Justice Act ("EAJA") application. For the reasons that follow, the Court grants plaintiff's application.

  A contingent-fee agreement is not *per se* reasonable. Deference should be given, however, to the "freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990). When assessing the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

---

[1] Mr. Astrue was sworn in as Commissioner on February 12, 2007. *See* "Michael J. Astrue Sworn in as Commissioner of Social Security" (Social Security Press Release, Feb. 12, 2007), *available at* http://www.ssa.gov/pressoffice/pr/astrue-pr.htm (last checked Feb. 26, 2007). He is hereby substituted pursuant to Federal Rule of Civil Procedure 25(d)(1) for Ms. Barhnart.

The Court has considered: (1) plaintiff's notice of motion; (2) the affidavit from plaintiff's counsel; (3) plaintiff's counsel's memorandum of law with exhibits; (4) plaintiff's reply papers in support of the motion; and (5) the Commissioner's letter memorandum filed in opposition. Plaintiff's counsel, Charles E. Binder, Esq., has handled thousands of administrative hearings and hundreds of Federal court appeals in the context of Social Security disability cases, on which he works almost exclusively. (Binder Aff. ¶ 12.) His associate, Eddy Pierre Pierre, Esq., has been working on Social Security cases for approximately a decade. (Binder Aff., at Ex. B.) Between them both, they expended 34.75 hours in Federal court on plaintiff's appeal from a partially unfavorable administrative decision. In the aggregate, they have been working on plaintiff's case at the administrative and Federal court levels over the past nine years and eleven months for a total of 262 hours. As a result of their success before the Court, and on remand, before the administrative law judge, plaintiff was awarded $126,524.06 in benefits retroactive to August 1998. In addition, counsel obtained benefits for plaintiff's family in the amount of $600.00 per month until the children reach age 18. Finally, plaintiff will receive a monthly payment from Social Security of $1,552.00 until he either reaches full retirement age, or is able to return to work.

The contingent fee arrangement between counsel and plaintiff provided for a fee of 25% of the past-due benefits obtained from Social Security for him and for his eligible family members. (Binder Aff. ¶ 1.) The contingent fee is capped at $30,729.05.[2] Counsel did not apply for an attorney's fee under EAJA, which, if awarded, would have enured to plaintiff's benefit. Thus, counsel has reduced his fee by what he calculates could have

---

[2] In his affidavit, counsel informs the Court that the Social Security Administration notified his client that $30,729.05 represents 25% of the total retroactive benefits. (Binder Aff. ¶ 13.) However, taking counsel's figure of the total retroactive benefits from his amended memorandum of law, at 2, $126,524.06, and multiplying it by 25%, the result is $31,631.02, rounded to the nearest whole penny. The difference of $901.97, is unexplained in the papers.

been awarded under EAJA, $5,038.75, and is asking the Court to award an attorney's fee of $25,690.30.

The Court has given careful consideration to the application's reasonableness pursuant to *Gisbrecht*, taking into account the amount of time and effort that counsel expended at the administrative level,[3] as well his qualifications and experience in the area of Social Security Disability law, and the result obtained through almost a decade of hearings and appeals. In view of those considerations, the Court concludes that the requested attorney's fee is reasonable, that it does not amount to a windfall for counsel, and that the fee should, therefore, be awarded. Accordingly, it is hereby

ORDERED, that plaintiff's motion for attorney's fees in the amount of $25,690.30 pursuant to 42 U.S.C. § 406(b)(1) is granted; and it is further

ORDERED, that the award is to be made payable to Charles E. Binder, Esq., attorney for plaintiff.

IT IS SO ORDERED.

DATED:    June 5, 2007
          Rochester, New York

                        ENTER.

                        /s/ Charles J. Siragusa
                        CHARLES J. SIRAGUSA
                        United States District Judge

---

[3] *See Mudd v. Barnhart*, 418 F. 3d 424, 428 (4th Cir. 2005) (one factor in the reasonableness determination is the time spent and work performed by counsel on the case when it was pending at the agency level).